IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WALKER DIGITAL, LLC,**<br><br>                     **Plaintiff,**<br><br>    v.<br><br>**VIBRANT MEDIA, INC.,**<br><br>                     **Defendant.** | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Walker Digital, LLC ("Walker Digital") files this complaint for patent infringement against Defendant Vibrant Media, Inc. ("Vibrant"):

## THE PARTIES

1.   Walker Digital is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, CT 06905.  Walker Digital is a world-renowned research and development laboratory responsible for launching several successful businesses, including Priceline.com.

2.   On information and belief, Vibrant is a Delaware corporation with its principal place of business at located at 75 Hawthorne Street, Suite 2000, San Francisco, California 94105.

## JURISDICTION AND VENUE

3.   This action arises under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271, *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.   On information and belief, Vibrant is subject to this Court's jurisdiction because Vibrant is a corporation organized and existing under the laws of the State of Delaware.  In

addition, Vibrant has transacted business in this district, including, more specifically, directly and/or through intermediaries, making, using, importing, offering for sale and/or selling products and services in the State of Delaware (including via the provision of such goods and services over the Internet).  Vibrant, upon information and belief, is doing substantial business in this District, and has committed acts of patent infringement in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENT

6. On October 18, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,041,711 (the "'711 patent"), entitled "Method and System for Providing a Link in an Electronic File Being Presented to a User," to Jay S. Walker, Daniel E. Tedesco, John M. Packes, Stephen C. Tulley, Keith Bemer, Dean P. Alderucci, Marc D. Kessman, and James A. Jorasch, who assigned their rights and interests in the '711 patent to Walker Digital.  A true and correct copy of the '711 patent is attached as Exhibit A.

7. Walker Digital is the owner of the '711 patent (the "Asserted Patent").

## FACTUAL BACKGROUND

8. Walker Digital is a research and development laboratory that has invested many millions of dollars in its intellectual property.  Walker Digital is comprised of a diverse group of inventors who solve business problems by analyzing human behavior and designing innovative solutions incorporating modern information technologies.  The novel inventions developed by the Walker Digital team are reflected in a portfolio of more than 200 United States and international patents in a wide range of industries that includes retail, vending, credit cards, security, gaming, educational testing, and entertainment.

9. Jay S. Walker, the chairman of Walker Digital, is a named inventor of more than 450 issued and pending United States and international patents, including the Asserted Patent.

Mr. Walker is best known as the founder of Priceline.com, which revolutionized the travel industry through unprecedented technology, with the end result of bringing huge savings in airfare, hotel and car rental rates, and other travel related goods and services to every-day consumers. The systems at the heart of Priceline.com's success were developed in the research and development laboratory of Walker Digital.

10. Development of the inventions conceived by Mr. Walker and the Walker Digital team of inventors would not have been possible without substantial financial investments made by Walker Digital. Funds invested by Walker Digital have been used for many things, including the construction of laboratory facilities utilized to develop and test new inventions. Many of the inventions developed at the Walker Digital laboratories have led to successful businesses, including Priceline.com. Revolutionary technologies, including the methods and systems for delivering advertisements to targeted consumers, as described and claimed in the Asserted Patent, were a direct result of investments made by Walker Digital.

## COUNT I

### (Infringement of the '711 Patent)

11. Walker Digital incorporates and realleges the allegations of paragraphs 1-10 as if fully set forth herein.

12. Upon information and belief, Vibrant is infringing (literally and/or under the doctrine of equivalents) the '711 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Vibrant In-Text Ads service, which practice one or more claims of the '711 patent. For instance, upon information and belief, the Vibrant In-Text Ads service includes defining preferences that associate data with resource locators, determining information about users, associating preferences to users, receiving requests for content, determining that the

content matches data that has been associated with resource locators, modifying the content to include a link to, for example, an advertisement, and presenting the modified content to the user.

13. Vibrant committed these acts of infringement without license or authorization.

14. As a result of Vibrant's infringement of the '711 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Vibrant's infringing activities are enjoined by this Court.

15. Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Vibrant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '711 patent.

## DEMAND FOR JURY TRIAL

Walker Digital demands a trial by jury on all issues so triable.

## WALKER DIGITAL'S PRAYER FOR RELIEF

Walker Digital prays for the following relief:

1. A judgment that Vibrant has infringed (either literally or under the doctrine of equivalents) one or more claims of the '711 patent;

2. A permanent injunction enjoining Vibrant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '711 patent;

3. An award of damages resulting from Vibrant's acts of infringement in accordance with 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Walker Digital its reasonable attorneys' fees against Vibrant;

5. A judgment and order requiring Vibrant to provide an accounting to pay supplemental damages to Walker Digital, including without limitation, pre-judgment and post-judgment interest; and

6. Any and all other relief to which Walker Digital may show itself to be entitled.

October 18, 2011

Of Counsel:

Marc A. Fenster
California Bar No. 181067
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991
mfenster@raklaw.com

BAYARD, P.A.

/s/ *Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

Attorneys for Plaintiff Walker Digital, LLC